IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJA V.MADRID,<br><br>        Plaintiff,<br><br>     v.<br><br>J.P. MORGAN CHASE BANK,N.A., a National Banking Association, CHASE HOME FINANCE, LLC FKA CHASE MANHATTAN MORTGAGE CORPORATION, TRIDENT FINANCIAL GROUP, NDEX WEST, LLC, DOES 1 through 100,<br><br>        Defendants.<br>_____/ | Case No. 09-cv-00731-JAM-GGH<br><br><u>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS</u> |

This matter came on for hearing before the Court on August 12, 2009 on Defendants' J.P Morgan Chase Bank, N.A. and Chase Home Finances LLC (collectively "Defendants") Motion To Dismiss Plaintiff Elija V. Madrid's ("Plaintiff's")First Amended Complaint ("FAC"), pursuant to Rule 12(b)(6)of the Federal Rules of Civil Procedure. Plaintiff opposes the motion. Defendants'

have also filed a Request for Judicial Notice ("RJN") of seven exhibits. Accordingly, the Court takes judicial notice as requested. For the reasons set forth below, Defendants' motion to dismiss is GRANTED in part and DENIED in part.

I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Elija V. Madrid purchased her home at 7808 Megan Ann Court, Antelope, California ("Subject Property") in March 2006. In connection with the purchase of the subject property, Plaintiff applied for a loan through Trident Financial Group and received two adjustable rate loans from Defendant JP Morgan Chase in March 2006. Defendant Chase Home Financing was assigned as the beneficiary under the Deed of Trust in July 2008.

Plaintiff defaulted on the loan, and Defendants caused NDEX West, LLC to record a Notice of Default with the Sacramento County Recorder's Office on June 30, 2008. RJN, Exh. 4. A trustee's sale was scheduled for October 22, 2008. RJN, Exh. 7. The subject property was not sold at that time, and in March 2009 Plaintiff filed her original complaint in this court, along with an ex parte motion for a temporary restraining order and a preliminary injunction to block a future foreclosure sale of the subject property. The temporary restraining order and the preliminary injunction were denied by this court. Defendants' brought a motion to dismiss the original complaint, as well as a request for judicial notice. Both filings were vacated upon

2

Plaintiff's filing of the FAC. Minute Order. (Minute Order, Docket #26.)

Additionally, Plaintiff filed for Chapter 7 bankruptcy on March 30, 2009. At the hearing on August 12, 2009 it was established that Plaintiff's bankruptcy case has been discharged.

## II.   OPINION

A. <u>Legal Standard</u>

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. <u>Sheuer v. Rhodes</u>, 416 U.S. 232, 236 (1975), overruled on other grounds by <u>Davis v. Sherer</u>, 468 U.S. 183 (1984); <u>Cruz v. Beto</u>, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1950 (2009), citing <u>Bell Atl. Corp v. Twombly</u>, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory.

Balistreri v. Pacifica Police Dep't, 901 F. 2d 696, 699 (9th Cir. 1990).

In general, a court may not consider materials other than the facts alleged in the complaint when ruling on a motion to dismiss. Anderson v. Angelone, 86, F. 3d 932, 934 (9th Cir. 1996). The court may, however, consider additional materials if the plaintiff has alleged their existence in the complaint and their authenticity is not disputed. See Branch v. Tunnell, 14 F. 3d 449, 454 (9th Cir. 1994), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F. 3d 1119 (9th Cir. 2002). Here, Plaintiff referenced and attached eight exhibits to the FAC, and their authenticity has not been challenged. Accordingly, the Court has taken these exhibits into consideration.

Upon granting a motion to dismiss, a court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Absent prejudice, or a strong showing of any [other relevant] factor[], there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F. 3d 1048, 1052 (9th Cir. 2003). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Id. Accordingly, a court

should grant leave to amend the Complaint unless the futility of amendment warrants dismissing a claim with prejudice.

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). A claim of statutory violation that is "grounded in fraud" must also satisfy the particularity requirement of Rule 9(b). Vess. v. Ciba-Geigy Corp. USA, 317 F. 3d 1097, 1103-04 (9th Cir. 2003).

B. Standing

Defendants argue that Plaintiff lacks standing because she is in Chapter 7 bankruptcy proceedings. However, at the August 12, 2009 hearing it was established that Plaintiff's bankruptcy case has been discharged. Thus Plaintiff has standing to proceed with this action.

C. Federal Claims

Truth in Lending Act ("TILA"), First Cause of Action

An action for damages under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. §1640(e). A TILA violation occurs on "the date of the consummation of the transaction," King v. California, 784 F. 2d 910, 915 (9th Cir. 1986), and "consummation" means "the time

that a consumer becomes contractually obligated on a credit transaction," 12 C.F.R. §226(a)(13). The doctrine of equitable tolling, however, may "suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." King, 784 F. 2d at 915.

A district court may grant a motion to dismiss on statute of limitations grounds "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Morales v. City of Los Angeles, 214 F. 3d 1151, 1153 (9th Cir. 2000) (quoting TwoRivers v. Lewis, 174 F. 3d 987, 991 (9th Cir. 1999)). "Generally, the applicability of equitable tolling depends on matters outside the pleadings, so it is rarely appropriate to grant a Rule 12(b)(6) motion to dismiss ... if equitable tolling is at issue." Huynh v. Chase Manhattan Bank, 465 F. 3d 992, 1003-04 (9th Cir. 2006) (citing Supermail Cargo, Inc. v. United States, 68 F. 3d 1204, 1206 (9th Cir. 1995)); see Cervantes v. City of San Diego, 5 F. 3d 1273, 1276 (9th Cir. 1993) (providing that the application of the equitable tolling "is not generally amenable to resolution on a Rule 12(b)(6) motion").

Here, Plaintiff consummated her loan in March 2006, but the FAC was not filed until March 2009. However, the court finds that the allegations in the FAC do not foreclose equitable

tolling as a matter of law. See Cervantes, supra at 1277 (holding that equitable tolling must be considered when the complaint "adequately alleges facts showing the potential applicability of the tolling doctrine" (emphasis added)). Plaintiff alleges that she received the Note and two Truth in Lending Disclosure Statements ("TILDS") on the same day that contained contradictory terms and did not clearly and conspicuously disclose the terms of her loans. The nature of these allegations makes plausible Plaintiff's inability to discover the alleged disparity between the disclosure documents and the actual terms of her loan. Accordingly, Defendants' motion to dismiss Plaintiff's TILA claim for damages is DENIED.

Real Estate and Settlement Procedures Act ("RESPA"), Second Cause of Action

Plaintiff alleges that Defendants failed to provide her with a Good Faith Estimate and made her pay an illegal yield-spread premium in violation of RESPA, 12 U.S.C. §2614. Similar to TILA, 12 U.S.C. §2614 imposes a one-year statute of limitations on RESPA claims, which Defendants argue bars Plaintiff's claims. However, equitable tolling applies to RESPA claims, and as discussed above, equitable tolling must be considered when the complaint "adequately alleges facts showing the potential applicability of the tolling doctrine" (emphasis

added)). <u>Cervantes</u>, 5 F. 3d at 1277. Therefore, this Court declines to dismiss Plaintiff's claim at this stage of the litigation and will permit the parties to engage in a fact-based inquiry as to whether equitable tolling applies.

Plaintiff's first claim under RESPA is that she was required to pay an illegal yield-spread premium. Plaintiff alleges that the yield spread premium was an unearned fee in violation of 12 U.S.C. §2607. Accordingly, as this allegation is sufficient to overcome a motion to dismiss, Defendants' motion to dismiss Plaintiff's RESPA claim under section 2607 is DENIED.

Plaintiff's second claim under RESPA is that Defendants failed to provide her with a Good Faith Estimate within three business days of her initial application as required by 12 U.S.C. §2604(c). However, courts are clear that there exists no private right of action for violation of 12 U.S.C. §2604(c). <u>See Collins v. FMHA-USDA</u>, 105 F. 3d 1366, 1368 (11th Cir. 1997) ("there is no private civil action for a violation of 12 U.S.C. 2604(c)"). Thus, Defendants' motion to dismiss Plaintiff's RESPA claim under section 2604(c) is GRANTED. Plaintiff's cause of action for violation of 12 U.S.C. §2604(c) is dismissed with prejudice.

D. <u>State Law Claims</u>

1. <u>California Civil Code §1916.7, Third Cause of Action</u>

Plaintiff alleges that Defendants' violated California Civil Code §1916.7, which requires creditors to provide a form disclosure when issuing adjustable loans secured by owner-occupied real property. While Defendants did not raise this issue, the Court notes that as a matter of law Section 1916.7 only applies to mortgage loans made pursuant to it. <u>Brittain v. IndyMac Bank, FSB</u>, 2009 WL 2997394, at *3 (N.D. Cal. Sept. 16, 2009). To state a claim for relief under section 1916.7, Plaintiff must allege facts showing that section 1916.7 applies to her loan. <u>Id</u>. at *4.  The federal Alternative Mortgage Transaction Parity Act ("AMPTA") was enacted with the intention of permitting non-federally chartered housing creditors to engage in alternative mortgage financing under federal law. <u>Hafiz v. Greenpoint Mortgage Funding, Inc.</u>, 2009 WL 2137393, at *18(N.D. Cal. July 15, 2009) (citing 12 U.S.C. §§ 3801-3802, finding that AMPTA preempts disclosure requirement in California Civil Code §1916.7.) <u>See also</u> <u>Pagtalunan v. Reunion Mortgage, Inc.</u>, 2009 WL 961995, at *4 (N.D. Cal. Apr. 8, 2009) ("Defendants note that the majority of adjustable rate mortgage loans in California originate under the federal Alternative Mortgage Transaction Parity Act, 12 U.S.C. §3803(b), which preempts state laws.) Here, Plaintiff alleges no facts to show that her loan originated under section 1916.7 as opposed to AMPTA. Accordingly, this claim is dismissed with leave to amend.

2. <u>California Civil Code §1572, Fraud (Misrepresentation and Concealment), Fourth Cause of Action</u>

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge and other conditions of mind of a person may be averred generally." Fed. R. Civ. Pro. 9(b). A claim of fraud must have the following elements: "(a) a misrepresentation (false representation, concealment, or nondisclosure; (b) knowledge of falsity (or 'scienter'); (c) intent to defraud , i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." <u>In re Estate of Young</u>, 160 Cal. App. 4th 62, 79 (2008) (<u>quoting</u> <u>Lazar v. Superior Court</u>, 12 Cal. App. 4th 631, 638 (1996)) (internal quotation marks omitted). The Ninth Circuit has "interpreted Rule 9(b) to mean that the pleader must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation. <u>Alan Neuman Productions, Inc. v. Albright</u>, 862 F. 2d 1388, 1393 (9th Cir. 1988).

In setting forth her fraud claims, Plaintiff does not state her allegations against Defendants with the required particularity. While Plaintiff does state the name of an employee of Trident Financial(not a party to this motion) who she alleges was responsible for making misrepresentation to her

and concealing certain facts, such details are lacking with respect to fraud claims against Defendant JP Morgan, who is a party to this motion. Plaintiff merely alleges that, "these same representations were also made by the principal, agent, or employee of J.P. Morgan who drafted the loan documents and who approved Mrs. Madrid for her loan." FAC, ¶76. This generalized claim, without more, fails to meet the particularity standards of Rule 9(b). Accordingly, Plaintiff's cause of action for fraud is dismissed with leave to amend.

3. <u>Action to Void Contract, Fifth Cause of Action</u>

Plaintiff brings a cause of action to "void contract" on the grounds that it was void on inception because plaintiff did not give her consent to the contract. "Void Contract" is not a valid cause of action, so Defendants interpreted this cause of action as calling for rescission. In her Opposition, Plaintiff states that she is not seeking rescission of the contract, rather, "Plaintiff's position is that the contract represented by the Note is void from its inception." Opposition p. 15. The Court reads Plaintiff's cause of action as requesting a declaratory judgment that the contract is void. If Plaintiff desires this remedy, Plaintiff should request it in her prayer for relief or include it in her claim for declaratory relief.

Accordingly, the cause of action to void contract is dismissed with prejudice.

4. Breach of Covenant of Good Faith and Fair Dealing, Seventh Cause of Action

"Generally, every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." Pagtalunan, 2009 WL 961995, at *2. Plaintiff alleges that Defendants breached the implied covenant of good faith and fair dealing, giving examples of acts during the loan application and closing process that allegedly breached the covenant. However, "The implied covenant is a supplement to an existing contract, and thus it does not require parties to negotiate in good faith prior to any agreement." Id.(quoting McClain v. Octagon Plaza, LLC, 159 Cal.App.4th 784, 798, (2008)). Additionally, "The covenant 'cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement.' Coyotzi v. Countrywide Financial Corporation, 2009 W.L. 2985497, *7 (E.D. Cal. Sept. 16, 2009) (quoting Agosta v. Astor, 120 Cal.App.4th 596, 607 (2004)) (internal citations omitted.)

Plaintiff's cause of action lacks allegations of how Defendants harmed Plaintiff's rights under a contract or prevented Plaintiff from receiving contract benefits. Instead,

all of Plaintiff's allegations pertain to acts prior to contract formation or outside the terms of the contract. Accordingly, Plaintiff's cause of action for breach of the covenant of good faith and fair dealing is dismissed, with leave to amend.

5. <u>Cal. Bus. And Prof Code §17200 et seq., Eighth Cause of Action</u>

Plaintiff alleges violation of the California Business and Professions Code §17200 et seq, based on Defendants allegedly engaging in practices that amount to unfair competition. However, Plaintiff did not address the deficiencies in this cause of action in her Opposition. After carefully considering the arguments from both parties, Plaintiff's cause of action for unfair competition is dismissed with prejudice.

6. <u>Restitution for Unjust Enrichment, Ninth Cause of Action</u>

The elements of an unjust enrichment claim are the receipt of a benefit and unjust retention of the benefit at the expense of another. <u>Lectrodryer v. SeoulBank</u>, 77 Cal. App. 4th 723, 726 (2000).

Plaintiff in the FAC does not plead the elements of a cause of action for restitution for unjust enrichment. Instead, she vaguely states that Defendants made misrepresentations and retained ill gotten gains, without identifying such gains or

misrepresentations. In her Opposition Plaintiff states with greater particularity the nature of the claim, and references the YSP as the alleged unjust enrichment. These allegations should have been included in the FAC and may not be considered by this Court with respect to the instant Motion. Plaintiff's FAC also fails to specifically allege how Defendants could have been unjustly enriched when she is in default on the loan. Thus Plaintiff's cause of action for unjust enrichment is dismissed with leave to amend.

7. <u>Slander of Title, Tenth Cause of Action</u>

The elements of a cause of action for slander of title are (1) Publication, (2) Absence of justification, (3) Falsity, and (4) Direct pecuniary loss. <u>Seeley v. Seymour</u>, 190 Cal. App. 3d 844, 858 (1987). Plaintiff alleges slander of title based on the recording of a Notice of Default against the subject property. A notice of default, as part of the foreclosure process, is a privileged communication. <u>Cisneros v. Instant Capital Funding Group</u>, Inc. 2009 WL 3049209, *4 (E.D. Cal., 2009). A privileged communication cannot be the basis of a tort claim for any tort other than malicious prosecution. <u>Id</u>. Thus, Plaintiff's cause of action for slander of title is dismissed with prejudice.

8. <u>Quiet Title, Eleventh Cause of Action</u>

Under California law, a claim for quiet title must be in a verified complaint and include (1)a description of the property that is the subject of the action, (2) the title of the plaintiff as to which a determination under this chapter is sought and the basis of the title, (3) the adverse claims to the title of the plaintiff against which a determination is sought (4) the date as of which the determination is sought, and (5) a prayer for the determination of the title of the plaintiff against the adverse claims. Cal Civ. Proc. Code §761.020. Here, Plaintiff in her verified complaint has provided the address of the subject property, and has sufficiently alleged her interest in the property as well as the nature of the adverse claim against it. <u>See</u> <u>Twain Harte Homeowners Ass'n v. Patterson</u>, 193 Cal. App. 3d 184, 188 (1987) ("It is sufficient if a plaintiff alleges an interest in the property and the adverse claim or claims against which it seeks a determination.") Plaintiff also makes a prayer for the determination of title. However, Plaintiff does not provide the date as of which the determination is sought, instead alleging in her Opposition that the date can be threshed out in trial. Because Plaintiff fails to plead one of the necessary elements of a quiet title claim, the claim is dismissed with leave to amend.

9. <u>Civil Conspiracy, Twelfth Cause of Action</u>

Plaintiff alleges civil conspiracy to conceal the true nature of her adjustable rate loan. However, she did not address the deficiencies in this claim in her Opposition. After consideration of the arguments, Plaintiff's cause of action for Civil Conspiracy is dismissed with prejudice.

10. <u>Declaratory Relief, Thirteenth Cause of Action</u>

Plaintiff requests a declaratory judgment establishing that, "the power of sale contained in the Deed of Trust is of no force and effect because Defendants' security interest in the Property has been rendered void. Mrs. Madrid further requests that the title to the Property be re-conveyed to her. . . Mrs. Madrid further requests that this Court find that the Defendants are not the holder in due course of the Note and that any attempt to foreclose is a fraud." FAC ¶148. Plaintiff bases this request on the grounds that, "Defendants do not have the right to foreclose on the Property because Defendants do not have possession of the original Deed of Trust and Note..." FAC ¶147. However, the allegation that Defendants do not own or posses the relevant promissory notes cannot, standing alone, establish that defendants "do not have the right" to initiate a foreclosure proceeding." <u>See</u> <u>Putkkuri v. Recontrust Co.</u>, 2009 WL 32567, *2 (S.D. Cal. 5,2009) ("Pursuant to section 2924(a)(1) of the

California Civil Code, the trustee of a Deed of Trust has the right to initiate the foreclosure process. Production of the original note is not required to proceed with a non-judicial foreclosure."(citation omitted)); accord Pagtalunan v. Reunion Mortgage Inc., 2009 WL 961995, *2 (N.D. Cal. Apr. 8, 2009) ("California law does not require possession of the note as a precondition to non-judicial foreclosure under a deed of trust. . . "). Accordingly, because Plaintiff's allegations as to Defendants' lack of authority to initiate foreclosure proceedings are insufficient as a matter of law, the cause of action for declaratory relief is dismissed, with prejudice.

11. Preliminary and Permanent Injunctive Relief, Fourteenth Cause of Action

Plaintiff brings a cause of action for preliminary and permanent injunctive relief to prohibit Defendants from conducting a non-judicial foreclosure against the subject property. Plaintiff's claim for injunctive relief is grounded in her claims of fraud and misrepresentation, as well as her allegation that Defendants "failed to make good faith reasonable efforts to attempt to make a mortgage work out plan." FAC ¶155. "Injunctive relief is a remedy which must rely upon underlying claims." Hafiz, 2009 WL 2137393, at *9. Plaintiff's allegation that Defendants did not negotiate a mortgage work out plan does

not state a claim, and cannot be used as the basis for injunctive relief. The allegations of fraud and misrepresentation upon which Plaintiff also relies for injunctive relief have been dismissed with leave to amend, as Plaintiff failed to plead fraud with required particularity. Accordingly, the cause of action for injunctive relief is also dismissed, with leave to amend.

## III. ORDER

For the reasons set forth above, Defendants' motion to dismiss for failure to state a claim is GRANTED in part and DENIED in part as follows:

1. TILA claim: Motion DENIED;
2. RESPA claim: Motion DENIED for 12 U.S.C. §2607 violation; and GRANTED WITH PREJUDICE for 12 U.S.C. §2604(c) violation;
3. California Civil Code §1916.7 claim: Motion GRANTED WITHOUT PREJUDICE;
4. Fraud claim: Motion GRANTED WITHOUT PREJUDICE;
5. Void Contract claim: Motion GRANTED WITH PREJUDICE;
6. Covenant of good faith/fair dealing claim: Motion GRANTED WITHOUT PREJUDICE;

7. California Business & Professions Code §17200 et seq.
   claim: Motion GRANTED WITH PREJUDICE;

8. Unjust Enrichment claim: Motion GRANTED WITHOUT PREJUDICE;

9. Slander of Title: Motion GRANTED WITH PREJUDICE;

10. Quiet Title: Motion GRANTED, WITHOUT PREJUDICE;

11. Civil Conspiracy: Motion GRANTED WITH PREJUDICE;

12. Declaratory Relief: Motion GRANTED WITH PREJUDICE;

13. Injunctive Relief: Motion GRANTED WITHOUT PREJUDICE;

Plaintiff shall have twenty (20) days from the date of this Order to file her Second Amended Complaint.

IT IS SO ORDERED.

Dated:   October 8, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE