IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJA V. MADRID,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J.P.MORGAN CHASE BANK, N.A., a National Banking Association, CHASE HOME FINANCE, LLC; TRIDENT FINANCIAL GROUP; NDEX WEST, LLC; and DOES 1 through 100,<br><br>　　　　Defendants.<br>_____/ | Case No. 09-cv-00731-JAM-GGH<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS |

This matter comes before the Court on Defendants JPMorgan Chase Bank, N.A. ("JPMorgan") and Chase Home Finance, LLC's ("Chase") (collectively "Defendants") Motion to Dismiss Plaintiff Elija Madrid's ("Plaintiff's") Second Amended Complaint ("SAC") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the

motion.[1] Defendants also filed a Request for Judicial Notice ("RJN") of six exhibits, and the Court takes judicial notice as requested. For the reasons explained below, the Court grants Defendants' Motion to Dismiss.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Elija V. Madrid purchased her home at 7808 Megan Ann Court, Antelope, California ("Subject Property") in March 2006. In connection with the purchase of the subject property, Plaintiff applied for a loan through Trident Financial Group and received two adjustable rate loans from Defendant JP Morgan Chase in March 2006. Defendant Chase Home Financing was assigned as the beneficiary under the Deed of Trust in July 2008.

Plaintiff defaulted on the loan, and Defendants caused NDEX West, LLC to record a Notice of Default with the Sacramento County Recorder's Office on June 30, 2008. RJN, Exh. 4. A trustee's sale was scheduled for October 22, 2008. RJN, Exh. 7. The subject property was not sold at that time, and in March 2009, Plaintiff filed her original complaint in this court, along with an ex parte motion for a temporary restraining order and a preliminary injunction to block a future foreclosure sale of the subject property. The temporary restraining order and the

---

[1] This motion was determined suitable for decision without oral argument. E.D. Cal. L. R. 230(g).

2

preliminary injunction were denied by this court. Defendants brought a motion to dismiss the original complaint, as well as a request for judicial notice. Both filings were vacated upon Plaintiff's filing of an amended complaint ("FAC"). Defendants filed a motion to dismiss the FAC, which was granted in part and denied in part. Plaintiff's SAC pleads amended versions of most of the causes of action that were dismissed without prejudice. Defendants now seek dismissal with prejudice of those claims that were previously dismissed with leave to amend.

## II. OPINION

A. <u>Legal Standard</u>

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), overruled on other grounds by <u>Davis v. Scherer</u>, 468 U.S. 183 (1984); <u>Cruz v. Beto</u>, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949-50 (2009) (<u>citing</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a plaintiff needs to

3

plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss, a court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Absent prejudice, or a strong showing of any [other relevant] factor[], there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2002). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Id. Accordingly, a court should grant leave to amend the Complaint unless the futility of amendment warrants dismissing a claim with prejudice.

In general, a court may not consider materials other than the facts alleged in the complaint when ruling on a motion to dismiss. Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996). The court may, however, consider additional materials if the plaintiff has alleged their existence in the complaint and their authenticity is not disputed. See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir.

2002).

Defendants request the Court take judicial notice of six exhibits. Plaintiff does not challenge the authenticity of these exhibits, all of which were referenced in Plaintiff's SAC. Accordingly, the Court takes judicial notice as requested.

B. <u>Amended Causes of Action</u>

    1. <u>Breach of the Covenant of Good Faith and Fair Dealing</u>

Plaintiff's SAC alleges the implied covenant of good faith and fair dealing applies to Defendant JPMorgan through the Note and Deed of Trust, requiring Defendant to "safeguard, protect, or otherwise care for the assets and rights of [Plaintiff]." SAC ¶ 74. Plaintiff further alleges that Defendant JPMorgan's acts of pursuing foreclosure and "fail[ing] to cure insufficient disclosure . . . at or before closing . . ." constituted a breach. <u>Id.</u> at ¶ 77. Additionally, Plaintiff argues that she may be deprived of the opportunity to take advantage of loan modification incentives in the future because of her financial state, which she attributes to JPMorgan and the interest rate of her loan. Plaintiff also names Defendant Chase in the caption of this cause of action, but does not specifically name Defendant Chase in any of the paragraphs substantiating Plaintiff's claims.

Under California law, every contract "imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." McClain v. Octagon Plaza, L.L.C., 159 Cal.App.4th 784, 798, 71 Cal.Rptr.3d 885 (2008). However, "[t]he covenant . . . cannot be endowed with an existence independent of its contractual underpinnings. It cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." Guz v. Bechtel Nat'l Inc., 24 Cal. 4th 317, 349-350, 100 Cal.Rptr.2d 352 (1992)(citations and quotations omitted). "[T]he implied covenant of good faith is read into contracts in order to protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purpose." Carma Dev., Inc. v. Marathon Dev. Cal., 2 Cal. 4th 342, 373, 6 Cal.Rptr.2d 467 (1992)(citations omitted).

As in the FAC, Plaintiff's claims in the SAC against Defendant JPMorgan are deficient. Defendants correctly note that Plaintiff's cause of action lacks allegations of how JPMorgan harmed Plaintiff's rights under a contract or prevented Plaintiff from receiving contract benefits. Simply alleging that JPMorgan initiated foreclosure proceedings and Plaintiff might not qualify for a loan modification in the future, is not enough

to state a claim for breach of the covenant of good faith and fair dealing.

Defendants correctly point out that "[e]ntirely missing from the SAC is any allegation indicating that Chase engaged in any wrongdoing . . ." relating to a breach of the covenant of good faith and fair dealing. (Doc # 43 at 4). Plaintiff's third attempt to state a claim against Chase has failed, because there are no facts allowing the asserted cause of action to be "plausible on its face." See <u>Twombly</u>, 550 U.S. at 570. In her Opposition, Plaintiff makes a general allegation that each Defendant is working as an agent of the other Defendants, but pleads no facts to support such a theory of agency. Plaintiff also alleges that JPMorgan and Chase are "acting in concert" because they are collectively represented. However, such general allegations, without more, are not sufficient to maintain a cause of action for breach of the covenant of good faith and fair dealing against Chase. Accordingly, Plaintiff's claim against Defendants for breach of the covenant of good faith and fair dealing is dismissed with prejudice.

2. <u>Fraud</u>

Plaintiff's SAC contains a list of Defendants' actions that allegedly constitute fraud. Plaintiff claims that there were misleading terms within the loan documents provided by

Defendants, Defendants misstated the amount Plaintiff's loan was in arrears, Defendants did not properly inform Plaintiff of her legal rights, and Defendants did not provide Plaintiff with all documents that required her signature, constituting fraud.

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge and other conditions of mind of a person may be averred generally." Fed. R. Civ. Pro. 9(b). A claim of fraud must have the following elements: "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud , i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." In re Estate of Young, 160 Cal. App. 4th 62, 79 (2008) (quoting Lazar v. Superior Court, 12 Cal. App. 4th 631, 638 (1996)) (internal quotation marks omitted). The Ninth Circuit has "interpreted Rule 9(b) to mean that the pleader must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation. Alan Neuman Productions, Inc. v. Albright, 862 F. 2d 1388, 1393 (9th Cir. 1988).

Defendants correctly assert that the allegations in Plaintiff's SAC do not meet the heightened pleading standard for fraud through either misrepresentation or concealment. Plaintiff's SAC is devoid of dates, times, names, or any

allegations of the content of the misrepresentations. Plaintiff fails to provide anything beyond conclusory statements. The only names alleged by Plaintiff in conjunction with the fraud claim are Francis, an employee of Trident, and Theresa Carson, an employee of NDEX. Plaintiff then attempts to attribute their actions to JPMorgan and Chase, bringing numerous broad allegations against "Defendants." When pleading fraud against multiple defendants, Plaintiff must differentiate between multiple defendants. "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant." Swartz v. KPMG LLP, 476 F. 3d 756, 764-65 (9th Cir. 2007).

Moreover, a requisite element of fraud is damages, and Defendants note that Plaintiff has not alleged an amount of damages, causing her claims of fraud to fail. In Nagy v. Nagy, the court found that in order to state a claim for fraud, a plaintiff must specifically allege the amount of the damages purportedly suffered by Plaintiff. See 210 Cal.App.3d 1262 (Cal. Ct. App. 1989) (sustaining demurrer to fraud claim where complaint merely alleged that plaintiff suffered damages in "an amount to be determined at the time of trial"). In Toscano v. Ameriquest Mortgage Co., the Eastern District applied the requirement from Nagy to a case involving an allegedly

problematic mortgage transaction, very similar to the case at bar. See 2007 WL 3125023 (E.D. Cal. Oct. 24, 2007). Accordingly, it is appropriate for Plaintiff to be required to plead all aspects of her fraud claim with particularity, including an amount of damages. Because Plaintiff has still not alleged a specific amount of damages in her second amended complaint, her fraud claim cannot survive Defendants' motion to dismiss, and it is therefore dismissed with prejudice.

3. Quiet Title

Under California law, a claim for quiet title must be in a verified complaint and include (1) a description of the property that is the subject of the action, (2) the title of the plaintiff as to which a determination under this chapter is sought and the basis of the title, (3) the adverse claims to the title of the plaintiff against which a determination is sought (4) the date as of which the determination is sought, and (5) a prayer for the determination of the title of the plaintiff against the adverse claims. Cal Civ. Proc. Code §761.020. Plaintiff amended the FAC to state that she seeks a determination of her title to the subject property as of October 28, 2009.

However, a party cannot quiet title until the debt has been discharged. "The purpose of a quiet title action is to establish

one's title against adverse claims to real property. A basic requirement of an action to quiet title is an allegation that plaintiffs are the rightful owners of the proper, i.e., that they have satisfied their obligations under the Deed of Trust. A mortgagor cannot quiet his title against the mortgagee without paying the debt secured. As plaintiff concedes she has not paid the debt secured by the mortgage, she cannot sustain a quiet title action." Santos v. Countrywide Home Loans, 2009 WL 3756337, at *4 (E.D. Cal. Nov. 6, 2009).

Defendants argue that JPMorgan does not have an adverse claim to the title at issue, and therefore cannot be named in this cause of action as a matter of law. They also argue that Plaintiff is required to allege tender in order to state a claim for quiet title against Chase.

Plaintiff argues that the Court did not indicate that tender was required in its previous Opinion regarding the FAC. However, the Court notes that Defendants did not advance the tender argument in their previous motion to dismiss the FAC. Thus, the Court did not reach out and make the argument for Defendants, instead dismissing the quiet title claim based on Defendants' argument that the FAC failed to plead all the elements required by California Civil Code §761.020. This does not excuse Plaintiff from the requirement to properly plead a cause of action for quiet title, particularly given that this is

now her second amended complaint. Defendants have raised the tender argument, and they are correct that tender is required in order to quiet title. See e.g. Distor v. U.S. Bank, 2009 WL 3429700, at *6 ( N.D. Cal. October 22, 2009) (finding that "Plaintiff has no basis to quiet title without first discharging her debt, and she has not alleged that she has done so and is therefore the rightful owner of the property.") Plaintiff has amended her claim twice at this point, and still does not plead tender or an offer of tender, a basic requirement for a quiet title claim. Thus, the Court dismisses the Quiet Title claim, with prejudice.

4. Unjust Enrichment

Plaintiff alleges Defendants unjustly retained "extra interest on [Plaintiff's] loan attributable to yield spread premium," constituting a cause of action for unjust enrichment, and "even though [Plaintiff] is in default on [her] loan, the cause of default can be attributed to yield spread premium payments." SAC ¶¶ 111-13.

The elements of an unjust enrichment claim are the receipt of a benefit and unjust retention of the benefit at the expense of another. Lectrodryer v. SeoulBank, 77 Cal. App. 4th 723, 726 (2000).

Defendant correctly argues that Plaintiff fails to plead facts sufficient to survive Defendants' motion to dismiss. No facts in the SAC support that either Defendant received any property from Plaintiff under circumstances that give rise to a legal or equitable obligation to return such property. Plaintiff contends that the "extra interest on the loan attributable to Yield Spread Premium" was a "benefit" which was unjustly retained. Pl.'s Opp. at pg. 8. However, Plaintiff fails to plead or point to facts explaining why it was unjust for Defendants to keep the yield spread premium or why Defendants were required to refund the amount to Plaintiff. Merely stating it was "unjust" will not allow the claim to move forward and withstand Defendants' motion to dismiss. See Iqbal, 129 S.Ct. 1937, 1949-50 (2009) (statements of mere "legal conclusions" cannot withstand a motion to dismiss). Accordingly, Plaintiff's claim for unjust enrichment is dismissed with prejudice.

5. Preliminary and Permanent Injunctive Relief

Plaintiff brings a cause of action for preliminary and permanent injunctive relief to prohibit Defendants from conducting a Trustee's sale of the subject property. Plaintiff's claim for injunctive relief is grounded in her claim of fraud against Defendants. Indeed, "[i]njunctive relief is a remedy which must rely upon underlying claims." Hafiz v. Greenpoint

Mortgage Funding, Inc., 652 F.Supp.2d 1039 (N.D. Cal. 2009). Because Plaintiff's fraud claim has been dismissed with prejudice, the cause of action for injunctive relief cannot stand. Accordingly, Plaintiff's claim for injunctive relief is dismissed with prejudice.

## III. ORDER

For the reasons set forth above, Defendants' motion to dismiss is GRANTED, WITH PREJUDICE.

IT IS SO ORDERED.

Dated: March 25, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE